IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VINCENT M. GEORGE, Jr., <br> # 2013-0708145, <br>                    Plaintiff, <br> vs. <br> SALVADORE GORDINEZ, <br> WARDEN HODGES, <br> M. MAYFIELD, <br> J. JOKISCH, <br> and C. DOWNEN, <br>                    Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 15-cv-01421-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Vincent George, Jr., brings this civil rights action pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). In his complaint, Plaintiff claims that officials at Lawrence Correctional Center ("Lawrence") improperly calculated the length of his sentence and held him for thirty-nine days past his correct discharge date of December 29, 2011. (*Id*. at 5-7). The error unnecessarily prolonged his incarceration and violated his right to be free from cruel and unusual punishment under the Eighth Amendment and his right to due process of law under the Fourteenth Amendment. Plaintiff now sues Defendants Gordinez (Illinois Department of Corrections ("IDOC") Director), Mayfield (Illinois Prisoner Review Board), Hodges (warden), Jokisch

---

[1] Plaintiff originally filed this action in the United States District Court for the Northern District of Illinois on November 3, 2014. *See George v. Gordinez, et al.*, Case No. 14-cv-08795 (N.D. Ill. 2014). After reviewing the complaint on November 6, 2014, the Northern District entered an Order transferring the case to this District for preliminary screening of the complaint pursuant to 28 U.S.C. § 1915A and all further proceedings in this matter. Through inadvertence or oversight, however, the case was not transferred to this Court until December 29, 2015. (Doc. 10).

(records office supervisor), and Downen (counselor) for monetary damages and injunctive relief. (*Id*. at 8).

## The Complaint

Plaintiff claims that an error in the calculation of his prison sentence prolonged his incarceration by thirty-nine days. (Doc. 1). According to the complaint, Plaintiff was released on parole from Sheridan Correctional Center on January 29, 2010. (*Id*. at 17). His parole was originally set to terminate on January 30, 2013.

On December 7, 2010, Plaintiff was arrested for driving with a suspended license and for fleeing the police. (*Id*. at 5, 27). The IDOC took him into custody on December 13, 2010, and placed him in Stateville Correctional Center ("Stateville"). On January 10, 2011, Plaintiff was convicted and sentenced to two years of imprisonment. (*Id*. at 12).

After transferring to Lawrence, Plaintiff met with M. Mayfield, a member of the Illinois Prisoner Review Board, to discuss the computation of his sentence. (*Id*.). Based on Plaintiff's calculations, his discharge date should have been set at December 29, 2011. (*Id*. at 7, 17-18). Plaintiff was given two sentence calculation worksheets that were not consistent with his computations. (*Id*. at 6). Beginning in February 2011, he filed "numerous grievances" to complain about the alleged sentencing computation error. (*Id*. at 17-19). He also complained about the error directly to Supervisor Jokisch and Counselor Downen. (*Id*. at 6, 17, 20). It appears that the parties simply disagreed on the correct calculation of Plaintiff's sentence. In December 2011, Plaintiff prepared a Petition for a Writ of Mandamus, which prison officials failed to file for him in state court. (*Id*. at 15-16). Despite his efforts to correct the alleged error, Plaintiff remained incarcerated for thirty-nine days longer than he should have been. (*Id*. at 6-7).

He now sues the defendants for violating his right to be free from cruel and unusual punishment under the Eighth Amendment and his right to due process of law under the Fourteenth Amendment. He seeks monetary damages and injunctive relief, in the form of an order appointing an official to oversee the computation of prison sentences. (*Id*. at 8).

## **Merits Review Pursuant to 28 U.S.C. § 1915A**

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not contain detailed factual allegations, but must contain sufficient factual matter, accepted as true, to state a claim for relief that is facially plausible. *O'Gorman v. City of Chicago*, 777 F.3d 885, 888-89 (7th Cir. 2015) (citing *Twombly,* 550 U.S. at 570; *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Mann v. Vogel,* 707 F.3d 872, 877 (7th Cir. 2013)). The allegations must be sufficient to raise a right to relief above the speculative level. *Id*. (citing *Twombly,* 550 U.S. at 555).

A plaintiff can plead himself out of court by including factual allegations establishing that he is not entitled to relief as a matter of law. *Id*. (citing *Hollander v. Brown,* 457 F.3d 688, 691 n. 1 (7th Cir. 2006)). And although a plaintiff is not required to plead facts sufficient to

overcome an affirmative defense in his complaint, the district court may dismiss a complaint that consists only of time-barred claims if a plaintiff alleges facts sufficient to establish a statute of limitations defense. *Id*. (citing *Cancer Fndtn., Inc. v. Cerberus Capital Management, LP,* 559 F.3d 671, 674–75 (7th Cir. 2009)).

The claims in Plaintiff's complaint are barred by the applicable statute of limitations. A § 1983 claim arising in Illinois is governed by a two-year statute of limitations. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (citing *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014); *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Federal law governs the accrual of such claims. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). A § 1983 claim accrues when "a plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly*, 4 F.3d at 511. The statute of limitations is tolled while a prisoner pursues available administrative remedies under 42 U.S.C. § 1997e(a). *Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001).

According to the allegations in the complaint, Plaintiff should have been released from incarceration on December 29, 2011. He discovered the error in the sentence computation in 2011 and filed all grievances related to the matter that year, to no avail. He was not released until thirty-nine days later, *i.e.*, around February 6, 2012.

Plaintiff was free to commence this action at any time during the next two years. He did not. He waited until two years and nine months after his release from prison to file the action in the United States District Court for the Northern District of Illinois. *George v. Gordinez, et al.*, Case No. 14-cv-08795 (N.D. Ill. 2014). (Doc. 1). Plaintiff signed his complaint on May 22, 2014 and he did not file it until November 3, 2014. *Id*.

The Northern District identified the statute of limitations problem in its Order transferring the case to this District:

> . . . [I]t would appear that there is a statute of limitations problem with Plaintiff's claim. In *Wilson v. Garcia*, 471 U.S. 261 (1984), the U.S. Supreme Court held that 42 U.S.C. § 1988 requires federal courts to borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. The applicable statute in this instance is 735 ILCS 5/13-202 (2006), which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992).

(Doc. 5 at 1). After reviewing the entire complaint in the light most favorable to Plaintiff, this Court reaches the same conclusion as the Northern District. Plaintiff's claims are time-barred.

Dismissal of a complaint is appropriate "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous." *Jones v. Bock*, 549 U.S. 199, 214-215 (2007); *see Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). The factual allegations clearly establish that Plaintiff is not entitled to relief as a matter of law because he filed his complaint well beyond the applicable two-year statute of limitations. *O'Gorman*, 777 F.3d at 888-89 (citing *Hollander,* 457 F.3d at 691 n. 1). Plaintiff has pleaded himself out of a case, by alleging facts that are sufficient to establish a statute of limitations defense. *Id.* (citing *Cancer Fndtn., Inc.,* 559 F.3d at 674–75). The complaint shall therefore be dismissed with prejudice.

## **Pending Motion**

Plaintiff has also filed a motion for attorney representation (Doc. 7), which is hereby **DENIED**. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*,

706 F.3d 864, 866–67 (7th Cir. 2013).  When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).  If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).

Plaintiff's motion for counsel is virtually blank.  (Doc. 7).  He disclosed no efforts to secure counsel on his own before seeking the Court's assistance in doing so.  More to the point, counsel could not save his claims; Plaintiff has already included allegations establishing that this action is time-barred.   The motion is therefore denied.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** with prejudice because it is frivolous.

**IT IS FURTHER ORDERED** that Defendants **GORDINEZ, MAYFIELD, HODGES, JOKISCH,** and **DOWNEN** are **DISMISSED** with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.

*See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 4, 2016**

**s/ STACI M. YANDLE**
**U.S. District Judge**
