## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VINCENT M. GEORGE, Jr., | ) | |
| # R01690, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-01421-SMY |
| | ) | |
| SALVADORE GORDINEZ, | ) | |
| WARDEN HODGES, | ) | |
| M. MAYFIELD, | ) | |
| JANIS JOKISCH, | ) | |
| and C. DOWNEN, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Vincent George, Jr. brings this civil rights action pursuant to 42 U.S.C. § 1983 against five Illinois Department of Corrections ("IDOC") officials, who allegedly held him at Lawrence Correctional Center for 39 days beyond his correct release date of December 29, 2011 (Doc. 1). Plaintiff claims that the prolonged incarceration violated his right to due process of law under the Fourteenth Amendment and amounted to cruel and unusual punishment under the Eighth Amendment (*id.*). He seeks monetary damages to compensate him for his allegedly excessive incarceration (*id.*).

Plaintiff originally filed this action in the United States District Court for the Northern District of Illinois on November 3, 2014. *See George v. Gordinez*, No. 14-cv-08795 (N.D. Ill. 2014). After reviewing the Complaint on November 6, 2014, the Northern District entered an Order transferring the case to this District for preliminary screening of the Complaint pursuant to 28 U.S.C. § 1915A and all further proceedings in this matter. However, the case was not

actually transferred to this Court until almost fourteen months later on December 29, 2015 (Doc. 10). This Court screened the initial Complaint and concluded that the action was time-barred. Accordingly, the Court entered a Dismissal Order (Doc. 16) and Judgment (Doc. 17) on March 4, 2016.

Plaintiff filed a Notice of Appeal (Doc. 18) and a Motion for Reconsideration (Docs. 18, 27) less than twenty-eight days later. In his Motion for Reconsideration, Plaintiff offered clarifying information regarding allegations in his Complaint, which suggested that the action was not time-barred. This Court entered an Order (Doc. 26) on April 13, 2016, certifying that it would be inclined to vacate the Dismissal Order (Doc. 16) and Judgment (Doc. 17) and reopen the case, if the Seventh Circuit remanded the case for that purpose. In turn, the Seventh Circuit entered an Order Remanding Case (Doc. 28) on April 21, 2016.

On April 25, 2016, this Court granted Plaintiff's Motion for Reconsideration and vacated the Dismissal Order (Doc. 16) and Judgment (Doc. 17) pursuant to Rule 59(e) and/or 60(b) (*see* Doc. 29). Plaintiff was given 35 days to file an Amended Complaint, if he wished to do so. Plaintiff responded by filing a timely First Amended Complaint (Doc. 30), which is now before the Court for § 1915A review. In it, Plaintiff again names Defendants Gordinez (IDOC Director), Hodges (Lawrence's warden), Jokisch (records office supervisor), Downen (counselor) and Mayfield (Illinois Prisoner Review Board) for violating his rights under the Eighth and Fourteenth Amendments. He seeks monetary damages against these defendants, as well as injunctive relief (Doc. 30, p. 6).

## First Amended Complaint

On December 7, 2010, while on mandatory supervised release, Plaintiff was arrested for aggravated fleeing and alluding of an officer (Doc. 30, p. 8). The IDOC issued a warrant for his

arrest on December 8, 2010 and took him into custody on December 13, 2010.  He was initially incarcerated at Stateville Correctional Center ("Stateville").  While there, Plaintiff attended a preliminary hearing before the Prisoner Review Board ("PRB") on December 23, 2010. During the hearing, Plaintiff was informed that his parole was still running (*id*.).

On January 10, 2011, Plaintiff was convicted and sentenced to 2 years of incarceration in the IDOC, followed by 1 year of mandatory supervised release (*id*.).  He was allegedly credited with 1 month and 4 days of time served (*id*.).

Plaintiff subsequently transferred to Lawrence Correctional Center ("Lawrence"), where he met with Defendant Mayfield on February 9, 2011 to discuss his sentence calculation. Defendant Mayfield informed Plaintiff that he had been formally declared a parole violator with an effective violation date of December 8, 2010.  Plaintiff was denied credit for the time he spent in custody between December 7, 2010 and January 10, 2011.   His incarceration was consequently prolonged by 39[1] days (*id*. at 9).

Plaintiff filed grievances to complain about this error.  He also submitted requests for meetings, or actually met with, Defendants Downen (counselor), Jokisch (records office supervisor) and Hodges (warden) to discuss the matter.  In the end, the parties simply disagreed on Plaintiff's release date.  Plaintiff claims that he should have been released on December 29, 2011, but he was held for an additional 39 days (*id*. at 9).

Plaintiff now brings an Eighth and Fourteenth Amendment claim against Defendants Gordinez (IDOC Director), Hodges (Lawrence's warden), Jokisch (records office supervisor), Downen (counselor) and Mayfield (Illinois Prisoner Review Board).   He seeks monetary

---

[1]  It is not clear how Plaintiff arrived at this calculation, as only 34 days passed between December 7, 2010 and January 10, 2011.  In the exhibits that he filed with the First Amended Complaint, Plaintiff includes different calculations, ranging from 34-39 days (*see* Doc. 30, pp. 10-33).

damages as compensation for his allegedly excessive incarceration as well as an Order requiring the IDOC to "hire someone or assign someone to aide in calculating [sentences]. . . ." (*id*. at 6).

## Merits Review Pursuant to 28 U.S.C. § 1915A

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner Complaints, including amended Complaints, to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a Complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to

be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).   After carefully considering the allegations, the Court finds that the First Amended Complaint does not survive review under § 1915A and shall therefore be dismissed.

Based on the allegations, the Court finds it convenient to divide the *pro se* First Amended Complaint into the following counts:

> **Count 1:**     **Fourteenth Amendment procedural due process claim against Defendants Gordinez, Hodges, Jokisch, Downen and Mayfield arising from Plaintiff's 39 days of excessive incarceration that began on December 29, 2011.**

> **Count 2:**     **Fourteenth Amendment substantive due process claim against Defendants Gordinez, Hodges, Jokisch, Downen and Mayfield arising from Plaintiff's 39 days of excessive incarceration that began on December 29, 2011.**

> **Count 3:**     **Eighth Amendment deliberate indifference claim against Defendants Gordinez, Hodges, Jokisch, Downen and Mayfield arising from Plaintiff's 39 days of excessive incarceration that began on December 29, 2011.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion regarding their merit.

## Discussion

Plaintiff's First Amended Complaint is premised on the assumption that his sentence was improperly calculated and/or implemented, resulting in his excessive incarceration.  To the extent that his claims impugn Plaintiff's underlying sentence, they are barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).  In *Heck*, the Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

> make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 486-87. Plaintiff's conviction and sentence were not overturned. Thus, his claims are not cognizable under § 1983 to the extent that they call either his conviction or sentence into question.

The allegations offered in support of Plaintiff's excessive incarceration claim are far from clear, but seem to focus more on the recalculation of his sentence after it was imposed on January 10, 2011. In this sense, Plaintiff does not challenge the sentence, but rather the manner in which it was carried out by the defendants. When viewed in this light, Plaintiff's claims do not run afoul of *Heck*. Regardless, the Court deems it appropriate to bypass any *Heck*-bar to Plaintiff's claims and rule on the merits of each at this time. *See Polzin v. Gage*, 636 F.3d 834, 838-39 (7th Cir. 2011).

Plaintiff's first and second claims arise under the Fourteenth Amendment Due Process Clause which prohibits government officials from depriving a person of "life, liberty, or property without due process of law." U.S. CONST., amend. XIV. The Due Process Clause encompasses both procedural and substantive rights. Plaintiff does not indicate which of these rights was violated as a result of his prolonged incarceration. The Court will therefore address both types of claims.

### Count 1 - Procedural Due Process

A procedural due process claim arises where: (1) the plaintiff is deprived of a protected liberty or property interest; and (2) he did not receive the process that was due to justify the

deprivation of that interest.  *See McKinney v. George*, 726 F.2d 1183, 1189 (7th Cir. 1984).

Here, the first component of this claim may be satisfied, but the second clearly is not.  Prisoners

have a protected liberty interest in being released on time.  *Toney-El v. Franzen*, 777 F.2d 1224,

1226 (7th Cir. 1985).  However, Plaintiff does not challenge the adequacy or availability of any

particular procedure to request correction of his release date (*see* Doc. 30).  In fact, he availed

himself of these procedures, by filing written grievances and meeting with prison officials to

discuss the calculation of his sentence.  He does not claim that the procedures were inadequate--

only that they were ineffective because Plaintiff did not obtain the outcome he desired.  The fact

that prison officials disagreed with Plaintiff about his correct release date does not render these

procedures inadequate or give rise to a procedural due process claim.

Further, the State of Illinois offers other adequate post-deprivation remedies.  *See Parratt

v. Taylor*, 451 U.S. 527, 541-44 (1981); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  For

example, in order to secure his release on December 29, 2011, Plaintiff could have filed a

Petition for Writ of Habeas Corpus in state court.  He could have also filed a Petition for Writ of

Mandamus.[2]  Alternatively, he could seek monetary damages from state officials under Illinois

tort law by filing a false imprisonment claim against the officials in state court.  *See, e.g., Armato

v. Grounds*, 766 F.3d 713, 722 (7th Cir. 2014) (quoting *Toney-El*, 777 F.2d at 1225) (state court

remedies giving an inmate "the right to seek a writ of mandamus from the state court to correct

the error" and "a cause of action in Illinois courts for false imprisonment" were both "adequate

---

[2] In his original Complaint, Plaintiff alleges that he attempted to do so, but prison officials refused to file it for him (Doc. 1, pp. 15-16).  While this allegation might give rise to a claim against the responsible officials for denying Plaintiff access to the courts, no such claim is supported by the First Amended Complaint.  Plaintiff mentions nothing about the Petition in his statement of claim, including the names of the officials who refused to file it.  Although he included a copy of the Petition as an exhibit (Doc. 30, pp. 17-18), standing alone, it supports no claim against the defendants.  Further, it undercuts any access to courts claim against anyone, given that Plaintiff did not sign the Petition until December 28, 2011, just one day before he claims that he should have been released.

and available" remedies, precluding an Illinois prisoner's due process claim).  Accordingly, the First Amended Complaint gives rise to no claim under the Fourteenth Amendment Due Process Clause and Count 1 shall be dismissed with prejudice.

## Count 2 - Substantive Due Process

Under the Fourteenth Amendment's substantive due process clause, certain government actions are prohibited no matter how fair the procedures are.  "[T]he nub of a substantive due process claim is that [there are] some things the state just cannot do, no matter how much process it provides." *Miller v. Henman*, 804 F.2d 421, 427 (7th Cir. 1986).  However, the Supreme Court and Seventh Circuit have made it clear that plaintiffs should "resort to the substantive guarantees of the Due Process Clause for relief only when there is not 'a particular Amendment [that] provides an explicit textual source of constitutional protection against a particular sort of government behavior.'" *Childress v. Walker*, 787 F.3d 433, 438 (7th Cir. 2015) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998)) (internal quotation marks omitted). Here, the Eighth Amendment provides an explicit source of constitutional protection and therefore displaces Plaintiff's substantive due process claim.  Accordingly, Count 2 shall also be dismissed with prejudice against the defendants.

## Count 3 - Cruel and Unusual Punishment

Plaintiff's excessive incarceration claim is more appropriately evaluated under Eighth Amendment standards.  The Eighth Amendment provides the primary source of constitutional protection for prisoners. *Childress*, 787 F.3d at 439 (citing *Ingraham v. Wright*, 430 U.S. 651, 664-68 (1977)).  Claims of excessive incarceration require a plaintiff to show that he was held beyond the term of his incarceration as a result of the defendant's deliberate indifference. *Id.* at 439 (citing *Burke v. Johnston*, 452 F.3d 665, 667 (7th Cir. 2006)). *See also Campbell v. Peters*,

256 F.3d 695, 700 (7th Cir. 2001) ("[T]he courts that have recognized this problem have been careful to note that the extended incarceration must also be the product of deliberate indifference before a constitutional violation, as opposed to an error of state law, is implicated."). Deliberate indifference is shown when a state official was aware of the sentencing problem and the risk of unwarranted punishment but failed to act under the circumstances. Deliberate indifference requires more than negligence. In essence, Plaintiff must establish that the defendants acted with the equivalent of criminal recklessness. *Id.*

The allegations of the First Amended Complaint do not suggest that the defendants acted with deliberate indifference when Plaintiff requested correction of his release date. They simply disagreed with his computation. Moreover, Plaintiff specifically alleges that the incident was "clearly a[ ] misunderstanding of law and simple math[e]matics" (Doc. 30, p. 9). But a misunderstanding is not enough to support a claim of deliberate indifference. A disagreement regarding the correct release date is also not enough. Thus, the allegations in the First Amended Complaint are insufficient to support a deliberate indifference claim against any of the defendant and the Eighth Amendment claim in Count 3 shall also be dismissed with prejudice.

### Disposition

IT IS HEREBY ORDERED that the First Amended Complaint (Doc. 30) and this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that COUNTS 1, 2, and 3 against Defendants **GORDINEZ, HODGES, MAYFIELD, JOKISCH** and **DOWNEN** are **DISMISSED with prejudice** for the same reason.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his Notice of Appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A Motion for Leave to Appeal *In Forma Pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  October 3, 2016**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**